1
2
3
4
5
6
7

8                       UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

11  DARONTA TYRONE LEWIS,              Case No. 1:20-cv-01485-JLT-SKO (PC)

12              Plaintiff,
                                       **FINDINGS AND RECOMMENDATIONS**
13       v.                            **TO DENY PLAINTIFF'S MOTION TO**
                                       **REOPEN THIS ACTION**
14  S. SHERMAN, et al.,
                                       (Doc. 26.)
15              Defendants.
                                       **14-DAY OBJECTION PERIOD**
16

17

18       Plaintiff Daronta Tyrone Lewis is proceeding pro se and *in forma pauperis* is this closed

19  action.

20       **I.    BACKGROUND**

21       On May 17, 2021, Plaintiff filed a document titled "Rule 41(2)(1) Fed. R. Civ. P., Rule

22  41(a)(2) Fed. R. Civ. P., Voluntary Motion to Dismiss with Stipulation of Entry Without

23  Prejudice. Exhibit (A) – case." (Doc. 21.)[1]

24       On May 19, 2021, the Court issued its Order Directing the Clerk of the Court to Close

25  Case, dismissing the action under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure and

26  closing the case. (Doc. 22.)

27

28  ───────────────────
[1] The filing was docketed as a Notice of Voluntary Dismissal.

1    On June 2, 2021, Plaintiff filed a document titled "Rule 41(2)(1) Fed. R. Civ. P., Rule

2    41(a)(2) Fed. R. Civ. P., Motion to Enter Judgement of Without Prejudice. In Dismissal Court

3    Error. Did Not Enter with Prejudice" (Doc. 23), and a Notice of Change of Address (Doc. 24).

4    On June 9, 2021, the Court issued its Order Denying Motion for Miscellaneous Relief,

5    stating the "action was dismissed without prejudice by operation of Rule 41(a)(1) and Plaintiff's

6    notice of voluntary dismissal." (Doc. 25.)

7    On October 14, 2025,[2] Plaintiff filed a document titled "Motion to Reopen the Case and

8    Provide Plaintiff with Docket Sheet and Courtesy Printout of the Complaint w/exhibits (All)."

9    (Doc. 26.)

10    **II.    DISCUSSION**

11    ***Plaintiff's Motion***

12    Plaintiff states he "closed" this action "due to Covid-19 law library closures, in jails and

13    prisons and threats in Lewis v. Sherman, et al case #1:20-cv-00574-JLT-HBK (PC)[3], and threats

14    in Daronta T. Lewis v. P. Garcia et al case no. #2:20-cv-00399-TLN-DMC P [4]." (Doc. 26 at 2.)

15    Plaintiff states he "is now able to proceed" and moves to "re-open the complaint, lawsuit filing,

16    and to provide plaintiff with docket sheet and … courtesy copy of complaints …." (*Id*.) Plaintiff

17    contends his "claims are good" and "tolling applys [sic] due to Covid-19 at that time, and [his]

18    crisis beds, mental health suicide watch visits/stays." (*Id*.)

19    //

20    //

21    //

22

23    [2]  The Proof of Service accompanying the motion indicates it was served October 5, 2025. (Doc. 26 at 3.)
Although Plaintiff's filing reflects a "Hearing Date" of "Oct/13/25" at "10:AM" before the undersigned

24    (*id*. at 1, 2), motions in prisoner civil rights actions are not set for hearing and are decided on the papers.
*See* Local Rule 230(l) ("All motions, except motions to dismiss for lack of prosecution, filed in actions

25    wherein one party is incarcerated and proceeding in propria persona, shall be submitted upon the record
without oral argument unless otherwise ordered by the Court").

26    [3] This action was dismissed without prejudice following a Stipulation of Dismissal signed by the parties

27    and filed on December 1, 2022. (*See* 1:20-cv-574, Doc. 179).

28    [4] The undersigned notes Plaintiff has been actively litigating this case throughout the more than five years
it has been pending in this Court. (*See* 2:22-399 Docket, generally.)

1        *Applicable Legal Standards*

2            Although Plaintiff does not move to reopen this case under a particular a rule of procedure,

3    liberally construed, the Court will treat the motion as a Rule 60 motion for relief from judgment

4    or order. Fed. R. Civ. P. 60(b).

5            Rule 60(b) provides in pertinent part:

6                Grounds for Relief from a Final Judgment, Order, or Proceeding. On
                 motion and just terms, the court may relieve a party or its legal
7                representative from a final judgment, order, or proceeding for the
                 following reasons:

8
                 (1) mistake, inadvertence, surprise, or excusable neglect;
9
                 (2) newly discovered evidence that, with reasonable diligence, could
10               not have been discovered in time to more for a new trial under Rule
                 59(b);
11
                 (3) fraud (whether previously called intrinsic or extrinsic),
12               misrepresentation, or misconduct by an opposing party;

13               (4) the judgment is void;

14               (5) the judgment has been satisfied, released, or discharged; it is
                 based on an earlier judgment that has been reversed or vacated; or
15               applying it prospectively is no longer equitable; or

16               (6) any other reason that justifies relief.

17    A motion under subsections (1), (2), and (3) must be filed within one year; motions made under

18    the other subsections must be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Under the

19    catchall provision of Rule 60(b)(6), the Court has the power to reopen a judgment even after one

20    year. *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 393 (1993);

21    *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under

22    Rule 60(b)). In seeking reconsideration under Rule 60, the moving party "must demonstrate both

23    injury and circumstances beyond his control." *Harvest*, 531 F.3d at 749 (internal quotation marks

24    & citations omitted).

25            Relief under Rule 60(b)(6) "should be granted 'sparingly' to avoid 'manifest injustice' and

26    '*only* where extraordinary circumstances prevented a party from taking timely action to prevent or

27    correct an erroneous judgment.'" *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1173 (9th

28

                                            3

1    Cir. 2017) (emphasis in original) (quoting *United States v. Alpine Land & Reservoir Co.*, 984

2    F.2d 1047, 1049 (9th Cir. 1993)).

3                               ***Analysis***

4        The undersigned addresses subsections (1) and (6)[5] based upon Plaintiff's assertions.

5                   <u>Plaintiff Is Not Entitled to Relief Under Rule 60(b)(1)</u>

6        As moted above, subsection (b)(1) provides that a court may relieve a party from a final

7    judgment or order based upon mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ.

8    P. 60(b)(1).

9        As an initial matter, Plaintiff's motion is untimely. Section (c) provides: "A motion under

10   Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than

11   a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P.

12   60(c)(1). Plaintiff voluntarily dismissed this action on May 19, 2021, more than four years and

13   four months ago. Thus, Plaintiff's motion was filed over three years late. Fed. R. Civ. P. 60(c)(1);

14   *see also, e.g.*, *Garcia v. Martinez*, No. 2:21-cv-06668-SPG (MAA), 2025 WL 892968, at *3

15   (C.D. Cal. Mar. 21, 2025) ("Petitioner did not timely file his request for [Rule 60(b)] relief.

16   Instead, Petitioner waited until June 20, 2024, almost fifteen months after his second voluntary

17   dismissal before filing" his motion).

18       Second, the bases upon which Plaintiff's motion relies — the COVID-19 pandemic and

19   his mental health — are insufficient to establish he was prevented from acting earlier due to

20   mistake, inadvertence, surprise, or excusable neglect. While the pandemic was an exceptional

21   circumstance beyond Plaintiff's control, the public health emergency ended more than two years

22   ago on May 11, 2023.[6] Therefore, any reference by Plaintiff to "tolling" of the applicable one-

23   year deadline on that basis is unpersuasive given the delay of over four-years. Next, regarding

24   Plaintiff's assignment to "crisis beds" and his mental health requiring "suicide watch visits/stays,"

25   Plaintiff provides no further information. The undersigned will not presume Plaintiff's mental

26

27   [5] Subsections (2) through (5) are not applicable.

28   [6] *See* https://archive.cdc.gov/www_cdc_gov/coronavirus/2019-ncov/your-health/end-of-phe.html.

health over the past four years prevented him from seeking to timely reopen this action. *See, e.g.*, *Goff v. Walters*, No. 1:18-cv-00904-KES-HBK, 2024 WL 1722251, at *2 (E.D. Cal. Apr. 22, 2024) (denying reconsideration and finding motion untimely despite plaintiff's assertion "'it was Covid-19 that put this case in a tailspin in 2019 to 2022'"). Such circumstances do not  amount to mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1).

<u>Plaintiff is Not Entitled to Relief Under Rule 60(b)(6)</u>

Relief under Rule 60(b)(6)'s catchall provision is to be used sparingly and only where extraordinary circumstances are present warranting such relief. *Navajo Nation*, 876 F.3d at 1173. The now concluded COVID-19 pandemic does not amount to an extraordinary circumstance warranting relief from the order of voluntary dismissal entered more than four years ago. *Garcia*, 2025 WL 892968, at *3 ("Petitioner has not shown that 'extraordinary circumstances' or any of the reasons he asserts for reopening justify the relief he seeks under Rule 60(b)"). Additionally, vague references to crisis bed placements and suicide stays, in the absence of specific information, do not amount to extraordinary circumstances warranting relief more than four years after this action was closed. Plaintiff's motion was simply not brought within a reasonable time. *See e.g.*, *Moralez v. Davis*, No. 20-07860 BLF (PR), 2024 WL 3090492, at *2 (N.D. Cal. June 20, 2024) (denying Rule 60(b) relief and noting prisoner "provided no explanation for the lengthy delay in filing this motion nor has he established that his long-existing learning disability was a 'circumstance beyond his control' that prevented him from doing so"); *Goff*, 2024 WL 1722251, at *2 (concluding plaintiff failed to establish extraordinary circumstances warranting relief under Rule 60(b)(6)).

Nor has Plaintiff demonstrated any need to correct an erroneous judgment. *See e.g.*, *Schowachert v. Polley*, No. 1:21-cv-01107-KES-HBK (PC), 2024 WL 3398338, at *2 (E.D. Cal. July 12, 2024) ("Nor is Schowachert entitled to relief under Rule 60(b)(6). Rule 60(b)(6) is to be 'used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.' … Schowachert has failed to establish either manifest injustice or that the court's order was in error"); *Ruiz v. Mobert*, No. 1:17-cv-00709-AWI-HBK (PC), 2023

WL 1785464, at *1 (E.D. Cal. Jan. 11, 2023) ("Plaintiff's motion is devoid of any reason why the Court should reconsider its previous judgment and reopen this case under Rule 60. Plaintiff states he does not speak English and that his case should be reopened due to the language barrier he encountered and because the Court did not appoint him counsel. Plaintiff's motion is untimely and does not state any extraordinary circumstance as to what prevented him from taking timely action nor does Plaintiff explain how reopening the case will correct an erroneous judgment).

In sum, this Court finds Plaintiff's motion is untimely and fails to establish the required extraordinary circumstances warranting relief under Rule 60(b). *Pioneer Inv. Servs. Co.*, 507 U.S. at 393; *Navajo Nation*, 876 F.3d at 1173.

## III.    CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court **HEREBY RECOMMENDS** that Plaintiff's motion to reopen this action (Doc. 26) be **DENIED**.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:  __**October 23, 2025**__            _____*/s/ Sheila K. Oberto*_____

UNITED STATES MAGISTRATE JUDGE